UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DISTRICT
AT PIKEVILLE

CIVIL ACTION NO. 05-181-DLB

KENTUCKY RIVERKEEPER, INC., ET AL.                                    PLAINTIFFS

vs.                       **MEMORANDUM ORDER**

COLONEL RAYMOND G. MIDKIFF, ET AL.                                    DEFENDANTS

* * * * * * * * * * * * *

This matter is before the Court for status review, in particular the supplemental filings made by the parties since the December 2, 2008, oral argument. (*See* Doc. #162 and Doc. #163).

In this action, Plaintiffs challenge the nationwide permitting program authorized under the Clean Water Act – specifically, its use in Kentucky, and throughout the Appalachian region generally, to issue permits for mining activities by, among others, the Intervenors and/or their members. The terrain of this case has not been smooth. It started here as a challenge to the 2002 renewal of nationwide permit 21 (NWP 21) and, while those protests were pending, similar challenges over the permit's use in the mountains of West Virginia had initially been validated by the district court there, but then vacated by the Fourth Circuit Court. *See, e.g., Ohio Valley Environmental Coalition v. Bulen,* 429 F.3d 493 (4th Cir. 2005).

-1-

Then came the question of whether adjudicating in 2007 challenges to an expiring permit would be more of an exercise in futility than substance. The course was altered to account for this shift by permitting Plaintiffs to add the 2007 renewal of NWP 21 as a focus of their contest. And so supplements were filed, oral argument held, and the Court sought to maintain course on adjudicating this latest focus. Meanwhile, the West Virginia district court was doing the same, ultimately closing down the path of nationwide permit use in its Appalachian region by granting Plaintiffs injunctive relief with respect to the 2007 NWP 21. *See Ohio Valley Environmental Coalition v. Hurst,* 604 F. Supp. 2d 860 (S.D. W.Va. 2009). This Court was apprised of that ruling via the first supplemental filing here. (Doc. #162). The Corps and those with mining interests have appealed that decision, which appeal is still pending, while arguments about the use of 2007 NWP 21 here in Kentucky's Appalachia are still under review.

Most recently, the case path has been altered once again by Defendants' recent Notice filing of September 1, 2009, a turn unforeseen by the Court. Defendants report that regulatory administrative steps are underway to act upon The United States Army Corps of Engineers (Corps) proposal to modify the use of NWP 21 in the six states comprising the Appalachian region of the United States. Defendants' Notice filing attaches two notices already then published in the Federal Register. The first published notice explained:

> First, the Corps proposes to modify NWP 21 to prohibit its use to authorize discharges of dredged or fill material into waters of the United States for surface coal mining activities in the Appalachian region of the following states: Kentucky, Ohio, Pennsylvania, Tennessee, Virginia, and West Virginia until it expires on March 18, 2012. . . .
>
> Second, the Corps is proposing to suspend NWP 21 to provide an interim means of requiring individual permit reviews in Appalachia, while proposing to undertake the longer-term measure of modifying NWP 21 to prohibit its

> use to authorize discharges of dredged or fill material into waters of the United States associated with surface coal mining activities in the Appalachian region of these six States. . . .

74 Fed. Reg. 34311 (July 15, 2009). The notice informed that public comments could be submitted until August 14, 2009. Defendants' Notice to this Court also points out that this public comment deadline was extended until September 15, 2009, via a second published notice. *See* 74 Fed. Reg. 40815 (Aug. 13, 2009). It appears the comment deadline has now been extended a second time, to October 26, 2009. *See* 74 Fed. Reg. 46582 (Sept. 10, 2009). This latest published notice also informs that based upon comments and requests submitted to date, the Corps has decided to conduct six public hearings, one in each of the six Appalachian region states impacted by the Corps' proposed modification of NWP 21. Those public hearings are all scheduled for mid-October, 2009. *Id.*

As previously noted, pending before the Court in the instant action are cross motions for summary judgment, which motions had previously been submitted to the Court as being ripe. In their Notice of Supplemental Authority, Defendants "suggest that the Court defer ruling on the pending cross-motions for summary judgment until such time as the Corps takes final action on the proposal to suspend or modify NWP 21[,]" because "[i]f NWP 21 is modified as proposed, then Plaintiffs' challenge to NWP 21 may become moot, and that event would have a significant impact on any remaining claims before the Court." (Doc. #163). Defendants' general point seems well-taken. Moreover, neither Plaintiffs nor the Intervenors have objected or otherwise indicated opposition to Defendants' suggestion.

However, much of the argument as presented in the cross motions now seems moot. In other words, while the outcome of the present administrative process may drive whether or what challenges Plaintiffs still intend to present to the Corps' utilization in the

-3-

Appalachian region of the nationwide permitting process, the legal positions and/or the facts and rationale underlying those positions as presented in the parties' filings have been drastically impacted by the Corps' present proposal.[1] Thus, while Plaintiffs may eventually still have claims they wish to present and advance via dispositive briefing, the substantive assertions of the motions as written have been called into question, and simply postponing a ruling on the motions as presented would not be productive.[2]

For these reasons, the Court concludes that a stay of this proceeding pending final action on the proposal to suspend and modify NWP 21 is the procedural remedy more appropriate to the present circumstances. And, because Defendants' legal position and supportive reasoning in response to Plaintiffs' dispositive motion and in support of its own cross-motion is no longer evident, adjudication of these pending motions as presented, in the Court's view, would be unsound. Instead, administrative action on Defendants' proposal should unfold, with Defendants advising on the estimated time to complete that

---

[1] For instance, Defendants filings in this case have argued against the idea of individual permits being required for mining activities in the Appalachian region and Defendants have maintained that its renewal of NWP 21 and its application in this region are appropriate. In its July 15, 2009, public notice, the Corps now proposes that individual permits should be used for the region. The Corps' notice offers that "[s]ince the late 1990s, there have been increases in concerns regarding the individual and cumulative adverse effects of those activities [surface coal mining in Appalachia] on the human environment and the natural resources in this region, including streams and other aquatic resources[;]" and that "NWP 21 has been used to authorize surface coal mining activities that involve discharges of dredged or fill material into waters of the United States that have resulted in adverse environmental impacts that may be more than minimal on a cumulative basis." Given this background, "[t]he Corps now believes it would be more appropriate to evaluate these adverse effects through the individual permit process, with a full public interest review, rather than through NWP 21." 74 Fed. Reg. at 34312-13.

[2] Indeed, it could well be reversible error if the Court were to adjudicate the motions based on the arguments as previously presented, without consideration of any legal impact of Defendants' present actions on the merits of those arguments.

action, and the parties should identify for the Court how Defendants' actions impact the claims asserted in this case, both from a timing standpoint and substantively.

Accordingly, **IT IS ORDERED** that:

(1)   Defendants' construed motion to defer a ruling is hereby **denied;**

(2)   this action is hereby **stayed,** pending further orders;

(3)   the pending cross motions for summary judgment (Docs. #141, #144, #146) are hereby **denied without prejudice;**

(4)   Defendants, **within 15 days,** shall file a status report with a good faith estimated time line for completion of the administrative procedures and final action on its pending proposal for modification/suspension of NWP 21; and,

(5)   each of the parties, **within 15 days after Defendants' status report filing,** shall report on his/hers/its stance of what claims as asserted in the Amended Complaint are still viable (i.e., the impact of Defendants' proposal on claims as presently stated), how final action by the Corps could impact those claims and why, and a suggested time line and mechanism for the completion of this litigation.  The parties may present this information in a joint status report, to the extent they are able to do so.

Dated this 18th day of September, 2009.



Signed By:
David L. Bunning   DB
United States District Judge

G:\DATA\ORDERS\Pike05\05-181-Order Re NWP21 Modification.wpd